## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**KEVIN R. JENNINGS**

       **Plaintiff,**                      **CIVIL ACTION NO. 05-70601-DT**

   **v.**                                   **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**AUTOZONE, INC.,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT

Before the court is Plaintiff's Motion for Contempt, filed in the form of a typed letter dated April 14, 2005. Defendant AutoZone, Inc. filed its Memorandum in Opposition to Plaintiff's Motion for Contempt on May 5, 2005. On April 27, 2005 Judge Bernard A. Friedman referred Plaintiff's motion to the undersigned for hearing and determination pursuant to 28 U.S.C. Sec. 636 (B)(1)(A). Plaintiff asks the Court to hold defendant AutoZone, Inc. in contempt of Court for its alleged failure to comply with F.R.C.P. 45. Plaintiff claims that Defendant failed to respond to three subpoenas properly served by Plaintiff upon Defendant for documents relevant to the issues of his case. The Plaintiff, Kevin R. Jennings, is proceeding *in pro per*.

Plaintiff and local counsel for Defendant appeared and presented for oral argument on June 22, 2005. Plaintiff argued that he served three subpoenas, one on March 3, 2005 on an AutoZone employee in Michigan, the second on March 3, 2005 on an AutoZone employee in Tennessee, and the third on April 25, 2005 on Mr. Griffin, Defendant's local counsel. Plaintiff then argued that he in fact was seeking to have four individuals held in contempt of court: Mr. Walter Griffin (local counsel for AutoZone), Mr. Christy (out of state counsel for AutoZone) and two AutoZone employees, Willie Banks (Michigan) and LaJeune Rose (Tennessee). Plaintiff produced copies of

the subpoenas mailed Mr. Griffin, Willie Banks and LaJeune Rose. Apparently Mr. Christy was never served with a subpoena, but Plaintiff argues that Mr. Christy was not respectful to him during a telephone conversation.

At the hearing, Defendant's counsel argued that the three subpoenas failed to comply with Fed. R. Civ. P. 45 and were not properly served. This Court agrees. F.R.C.P 45 (b) requires that "Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person." Plaintiff failed to properly deliver and serve the three subpoenas in question. Defendant further argued that Plaintiff failed to establish sufficient grounds for holding Mr. Christy, an un-subpoenaed out of state attorney for AutoZone in contempt. This Court is unpersuaded that grounds for the finding of contempt against Mr. Christy exist.

Therefore, **IT IS ORDERED** that Plaintiff's Motion for Contempt is **DENIED**.


Dated: July 27, 2005                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Order was served upon Kevin R. Jennings and Counsel of Record on this date.

Dated: July 27, 2005                    s/ Lisa C. Bartlett
                                        Courtroom Deputy