UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JENNINGS

               **Plaintiff,**                 **CIVIL ACTION NO. 05-CV-70601-DT**

    **vs.**

                                        **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**AUTOZONE, INC.,**               **MAGISTRATE JUDGE MONA K. MAJZOUB**
                **Defendants.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS (DOCKET # 28), AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DISCOVERY, ORDER SANCTIONS, AND EXTEND THE DISCOVERY DEADLINE (DOCKET # 27)

On January 12, 2006 Defendant in the instant action filed a Motion to Compel Discovery, Motion for Sanctions, and a Motion to Extend the Discovery Deadline. Plaintiff filed a Motion to Compel Production of Documents and Things on January 18, 2006, to which Defendant responded.  District Court Judge Bernard A. Friedman referred these motions to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  Plaintiff appeared *in pro per* and Defendant appeared through counsel for oral arguments on February 13, 2006.  These motions are now before this Court.

I.    **Defendant's Motion to Compel Discovery**

Defendant seeks an order compelling Plaintiff to produce initial disclosures and to make himself available for deposition.  Defendant stated at oral argument that Plaintiff has named witnesses and described documents in compliance with F.R.C.P. Rule 26(a)(1)(A) and (B) but that Plaintiff has still not provided an estimation of damages as required under F.R.C.P. Rule 26(a)(1)(C).  Furthermore, Defendant alleges that Plaintiff has not yet made himself available for deposition.  Plaintiff conceded during argument that he has not yet produced this discovery as required.  As such, Defendant's Motion to Compel Discovery is **GRANTED**.

NOW, THEREFORE, **IT IS HEREBY ORDERED** that Plaintiff will provide Defendant with an estimation of damages pursuant to F.R.C.P. Rule 26(a)(1)(C) on or before **February 27, 2006.**

**IT IS FURTHER ORDERED** that the Plaintiff's deposition is to be completed on or before **March 6, 2006**.

II.    **Defendant's Motion for Sanctions**

Defendant also moves for sanctions against Plaintiff under Rule 37 of the Federal Rules of Civil Procedure.  Specifically Defendant asks the Court for costs and attorneys fees incurred in relation to the instant motion to compel discovery.   The Court,  in its discretion,  concludes that the facts presented on the record do not warrant the

2

imposition of sanctions against Plaintiff.  Accordingly,  Defendant's motion is **DENIED.**

**III.**     **Defendant's Motion to Extend the Discovery Deadline**

In light of the outstanding discovery at issue in these motions, the Court

**GRANTS** Defendant's motion to amend the current scheduling order by extending  the

deadlines  for discovery and for filing dispositive motions by sixty (60) days, as

reflected in the Second Amended Scheduling Order dated 2/17/06, filed herewith.

**IV.**     **Plaintiff's Motion to Compel Discovery**

In his motion, Plaintiff seeks responses to his Requests for Production of

Documents and Things dated on July 13, 2005.  Defendant alleges it responded to all of

Plaintiff's requests on or about November 18, 2005.  Upon consideration of the parties'

motions and briefs, and the oral arguments presented, the Court does  **GRANT IN**

**PART AND DENY IN PART** Plaintiff's Motion to Compel Discovery.  The Court

orders Defendant to supplement or amend its responses to Plaintiff's Requests for

Production of Documents and Things  numbers 1, 2 and 5 on or before **February 27,**

**2006** as follows and in a manner consistent with the discussion of record:

 **Request number 1:**

Defendant will supplement or amend its written response to clarify in detail
whether both the audit sweep and log sheet from the end of the day report dated
June 19, 2004  exist but cannot be found, or do not exist.   Further, Defendant, in its
written responses, will explain in specific detail the circumstances underlying why
the audit sweep and log sheet from the end of the day report dated June 19, 2004
no longer exist or cannot be found.

**Request number 2:**

Defendant will amend or supplement its response to explain why the DVR footage for July 7, 2004 is no longer in Defendant's possession or control and therefore cannot be produced.

**Request number 5**:

Defendant will supplement or amend its response to Request number 5 to clarify and explain why reports generated by Autozone's management pertaining to the Loss Prevention Investigation for the Missing Cash Drop on June 14, 2004, and reports pertaining to the decision to terminate Plaintiff's employment from Autozone,  do not exist and therefore cannot be produced.

NOW, THEREFORE, **IT IS HEREBY ORDERED** that Defendant will amend or supplement its written response to production requests numbers 1, 2 and 5 of Plaintiff's Request for Production of Documents dated July 13, 2005 in a manner consistent with that stated above.

**IT IS FURTHER ORDERED** that Defendant will forward said amended or supplemented written responses to Plaintiff on or before **February 27, 2006**  in a manner consistent with the discussion above.

**IT IS SO ORDERED.**

**V.**    **Notice to the Parties**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: 2/17/06                          s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: 2/17/05                          s/ Lisa C. Bartlett
                                        Courtroom Deputy

5