UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN R. JENNINGS,

       Plaintiff,                    CIVIL ACTION NO. 05-CV-70601-DT

vs.                              DISTRICT JUDGE BERNARD A. FRIEDMAN

AUTOZONE, INC.,              MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANT AUTOZONE AND DEFENDANT'S COUNSEL IN CONTEMPT

Plaintiff filed his Motion to Hold Defendant Autozone and Defendant's Counsel in Contempt of Court on March 1, 2006. On March 2, 2006 the motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A) by the Honorable Bernard A. Friedman. On March 14, 2006 Defendant filed its response. On March 21, 2006 Plaintiff augmented his motion with a brief entitled Plaintiff (sic) Position to Hold Defendant Autozone & Defendant Counsel in Contempt of Court. Oral argument was scheduled on March 27, 2006. Plaintiff appeared *in pro per* and defendant appeared through its local counsel.

Plaintiff asserts that Defendant should be held in contempt for failing to comply with the February 17, 2006 Order of this Court requiring Defendant to supplement its responses to Plaintiff's Requests for Production of Documents numbers 1, 2, and 5 on or before February 27, 2006. In support of his motion Plaintiff argues that as of March 1, 2006, he had not received any of the supplemented discovery responses from Defendant as ordered. Plaintiff further states that the supplemental responses were faxed to him for the first time on the eve of his March 2, 2006 deposition, in violation of this Court's February 17, 2006 Order. Plaintiff also argues that he

received the supplemented discovery responses only after contacting defense counsel and complaining of defendant's failure to provide the supplemented production responses as ordered.

Defendant responds that the supplemental discovery responses were mailed to Plaintiff on February 23, 2006 by defense counsel and that Defendant is therefore in full compliance with the Court's Order. Defendant further admits that, upon receiving Plaintiff's Motion for Contempt dated March 1, 2006, defense counsel faxed Plaintiff the supplemental responses that had been previously mailed with an enclosure letter of the same date. Plaintiff does not dispute that he received by fax a copy of defendant's supplemental discovery responses on March 1, 2006.

The Court, at the hearing of this matter, noted that the Proof of Service attached to Defendant's Supplemental Responses to Plaintiff's First Requests for Production of Documents and Things was signed by Walter Christy, an attorney of record, and not the secretary who prepared the supplemental pleading dated February 23, 2006. The Court asked that Defendant provide additional verification by way of affidavit that the Proof of Service was reliable.

The Court has since received the Affidavit of Walter Christy, who testifies that he in fact did sign the Certificate of Service which certifies that the pleading in question was mailed on February 23, 2006. The Court also received the Affidavit of Donna H. Dickson, a secretary to Mr. Christy, who testifies that she prepared Defendant's Supplemental Responses to Plaintiff's First Request for Production of Documents and Things, as well as the letter of transmittal of that pleading to Plaintiff, and that she placed them in the mail on February 23, 2006.. Mr. Christy swears that it is the customary practice of his firm that the attorney signing the enclosure letter also sign the Certificate of Service, and that he followed that practice when he forwarded the pleading in question to Plaintiff on February 23, 2006. It is indeed a highly unusual law firm practice that would dictate

that an attorney certify that a pleading was placed in the United States Mail on a date certain, when it is in fact a secretary, and not the certifying attorney, who actually mails the pleading. Unless the attorney, in this case Mr. Christy, actually witnessed the secretary place the envelope in the United States Mail, his certification of that act is meaningless, at best.

The issue raised by Plaintiff in his motion is whether Defendant should be held in contempt for failing to comply with the February 17, 2006 Order of this Court.

When a party fails to comply with a Court discovery order, Federal Rule of Civil Procedure 37(b) permits the Court to make "such orders in regard to the failure as are just." The questions of whether and how a party should be sanctioned for failure to comply with a discovery order are left to the sound discretion of the Court. *See e.g., Hubbard v. Baltimore & O. R. Co.,* 249 F.2d 885 (6th Cir. 1957).

It is clear that Plaintiff did not receive Defendant's responses in the mail on or before February 27, 2006, as ordered by this Court. Defendant, by way of affidavits and in response to Plaintiff's motion, contends that the supplemented responses were mailed by Donna H. Dickson to Plaintiff on February 23, 2006, well in advance of the ordered due date. Upon receiving Plaintiff's motion on March 1, 2006 Defendant in turn faxed the February 23, 2006 supplemented discovery responses to Plaintiff, which he received on that date. The issue is whether defendant's actions under these circumstances rise to the level of sanctionable conduct as contemplated by FRCP 37. This Court believes that they do not. Based upon the evidence before this Court, this Court finds that Defendant acted in reasonable manner, and that Defendant's untimely delay in providing Plaintiff with his supplemented discovery was not willful, or due to neglect, but was caused by inadvertent error, perhaps on the part of a party other than Defendant, presumably the United States

Postal Service. Plaintiff did receive a faxed copy of the supplemented pleading on March 1, 2006, three days after it was due. Plaintiff has suffered no prejudice to his case as a result.

Plaintiff's Motion to Hold Defendant Autozone and Defendant Counsel in Contempt of Court for Not Complying with a Court Order is therefore **DENIED.**

**IT IS SO ORDERED.**

Dated: May 04, 2006                             s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                United States Magistrate Judge

## Proof of Service

I hereby certify that a copy of this Order was served upon Kevin R. Jennings and Counsel of Record on this date.

Dated: May 04, 2006                             s/ Lisa C. Bartlett
                                                Courtroom Deputy