UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JENNINGS,

        Plaintiff,                               Civil Action No.
                                               05-CV-70601-DT

vs.

                                              HON. BERNARD A. FRIEDMAN

AUTOZONE, INC.,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 58)

The current matter comes before the Court on Plaintiff's Motion for Reconsideration, which was filed on July 21, 2006. Plaintiff asks the Court to reconsider its Order granting Defendant's Motion for Summary Judgment.

Eastern District of Michigan Local Rule 7.1(g)(2), which applies to motions for reconsideration, states that "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." The Court will not order that a response be filed or that oral argument be heard on Plaintiff's motion.

Further, Local Rule 7.1(g)(3) requires that the "movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Having reviewed Plaintiff's motion and the prior pleadings and relevant documents in this case, the Court finds that Plaintiff has not demonstrated a "palpable defect" whose correction would result in a "different disposition" of the case.

## I.     ANALYSIS OF PLAINTIFF'S MOTION FOR RECONSIDERATION

First, Plaintiff states that "the court improperly relied on the Defendant's hearsay evidence to support its ruling" for summary judgment. (Pl.'s Mot. for Recons., 1.) Plaintiff explains that Defendant did not provide sworn affidavits supporting its legitimate reasons for terminating Plaintiff or an affidavit from Tom Seng about what he saw on the videotape. (Id. at 2.) Thus, Plaintiff asserts that the Court considered inadmissible evidence and therefore erred in granting summary judgment.

The Court disagrees with Plaintiff. In its Order granting summary judgment, the Court found that Plaintiff failed to present a racial discrimination claim based on direct evidence. (Op. and Order granting Def.'s Mot. for Summ. J., 6-8.) In addition, the Court also found that Plaintiff failed to present a racial discrimination claim based on indirect evidence, for Plaintiff did not meet the McDonnell Douglas/Burdine paradigm because Plaintiff did not satisfy the fourth prong of a prima facie case. (Id. at 8-12.) In order to present a prima facie case under the McDonnell Douglas/Burdine paradigm, a plaintiff must first establish "(1) that he is a member of a protected group; (2) that he was subject to an adverse employment action; (3) that he was qualified for the position from which he was fired; and (4) that he was treated differently than employees outside of the protected class for the same or similar conduct." Singfield v. Akron Metro. Hous. Auth., 389 F.3d 555, 561 (6th Cir. 2004). The fourth prong—disparate treatment—is demonstrated by "showing that *similarly situated* non-protected employees were treated more favorably" than plaintiff. Id. at 562 (emphasis added). In its Order, the Court explained the reasons and facts supporting its finding that Plaintiff did not satisfy the fourth prong. None of those reasons or facts included the alleged inadmissible evidence of which plaintiff now complains. In other words, the Court's conclusion that Plaintiff failed to establish a prima facie case was completely independent

2

of the purported inadmissable evidence.  Therefore, Plaintiff fails to show a "palpable defect" that resulted in a "different disposition" of the case.[1]  As such, the Court will not grant Plaintiff's Motion for Reconsideration in respect to this claim.

Second, Plaintiff states that "the court improperly concluded that there was no genuine issue of fact as to whether Defendant's decision to terminate Plaintiff's employment was pretext."  (Pl.'s Mot. for Recons., 3.)  Plaintiff argues that Tom Seng's statements created a genuine issue of fact as to whether Defendant racially discriminated against Plaintiff when Defendant terminated his employment.  Thus, Plaintiff asserts that the Court should have denied summary judgment.

The Court disagrees with Plaintiff.  The Court has already presented its analysis showing why Plaintiff fails under both the direct-evidence and indirect-evidence standards for racial discrimination.  (Op. and Order granting Def.'s Mot. for Summ. J., 6-12.)  Moreover, the Court finds Plaintiff's arguments to be a repeat of the arguments included in his Response to Defendant's Motion for Summary Judgment.  Eastern District of Michigan Local Rule 7.1(g)(3) states that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  Thus, the Court will not grant Plaintiff's Motion for Reconsideration in respect to this claim.

Third, Plaintiff states that the Court erred by finding that he had not satisfied the fourth prong

---

[1]Plaintiff's contentions concern Defendant's legitimate reasons for terminating Plaintiff's employment.  A court considers an employer's legitimate reasons for termination only at the second step of the McDonnell Douglas/Burdine analysis.  In its Order, such consideration was mentioned as the Court opined about what *would* have happened *if* Plaintiff had established a prima facie case of racial discrimination by indirect evidence.  (Op. and Order granting Def.'s Mot. for Summ. J., 11-12.).  The Court's hypothetical walk-through of legitimate and nondiscriminatory reasons for Plaintiff's termination does not change the fact that the Court had already determined that Plaintiff did not establish a prima facie case in the first place.  Thus, Plaintiff's assertion of inadmissible hearsay is a non-issue.

of a prima facie case for retaliation. (Pl.'s Mot. for Recons., 4.) In order for a plaintiff "[t]o establish a *prima facie* case of unlawful retaliation under Title VII, the plaintiff must demonstrate by a preponderance of the evidence that: 1) he engaged in activity that Title VII protects; 2) defendant knew that he engaged in this protected activity; 3) the defendant subsequently took an employment action adverse to the plaintiff; and 4) a causal connection between the protected activity and the adverse employment action exists." Abbott v. Crown Motor Co., 348 F.3d 537, 542 (6th Cir. 2003). Plaintiff now asserts that the "timing" of his termination—which came after Defendant's investigation, but also after Plaintiff states that he filed a discrimination complaint—establishes a causal connection between Plaintiff's complaint and his termination. Thus, Plaintiff asserts that the Court erred when it ruled that Plaintiff failed to establish a retaliation claim.

The Court disagrees with Plaintiff. In its Order, the Court presented its analysis regarding Plaintiff's failure to establish a retaliation claim. (Op. and Order granting Def.'s Mot. for Summ. J., 12-13.) A motion for reconsideration is not another chance for a plaintiff to re-argue old evidence. As explained above, under Local Rule 7.1(g)(3), "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Moreover, Plaintiff has admitted that he had no facts to support his retaliation claim. (Def.'s Br. Supp. Mot., Ex. H at 118.) Thus, the Court will not grant Plaintiff's Motion for Reconsideration in respect to this claim.

## II.   <u>CONCLUSION</u>

For the reasons stated above, the Court finds that Plaintiff has not "demonstrate[d] a palpable defect by which the court and the parties have been misled [and] show[n] that correcting the defect will result in a different disposition of the case." E.D. MICH. LR 7.1(g)(3). Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is denied.




_s/Bernard A. Friedman_____

BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: November 6, 2006
      Detroit, Michigan




**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**


_____/s/ Patricia Foster Hommel_____
     **Patricia Foster Hommel**
    **Secretary to Chief Judge Friedman**

5